IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RABIA AHMAD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 15-1052-GMS |
| ) | |
| CONNECTIONS CSP, INC., ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

## I. INTRODUCTION

The plaintiff Rabia Ahmad ("Ahmad") filed this action against defendant Connections CSP, Inc. ("Connections" or "Defendant") alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* (D.I. 1). She proceeds *pro se*. The court has jurisdiction pursuant to 28 U.S.C. § 1331. Defendant filed a motion to dismiss for failure to state a claim. (D.I. 3). For the reasons stated below, the court will deny Defendant's motion to dismiss.

## II. BACKGROUND

Ahmad is a former counselor in the Key Program at the Howard Young Correctional Institution staffed by Connections pursuant to a contract with the Delaware Department of Corrections. (D.I. 3, Ex. B at 2). On July 16, 2014, Ahmad filed a Charge of Discrimination (the "Charge") with the Delaware Department of Labor ("DDOL") alleging discrimination by Connections based on sex and religion. (D.I. 3, Ex. A). On August 6, 2014, Connections submitted its Position Statement in Opposition to the Charge. (*Id.*, Ex. B). On July 2, 2015, the DDOL

1

issued its Final Determination and Right to Sue Notice finding no cause to further pursue Ahmad's Charge. (*Id.*, Ex. C). This determination was also adopted by the United States Equal Employment Opportunity Commission ("EEOC"). (*Id.*).

On November 16, 2015, Ahmad filed the present complaint using a form provided by the court. (D.I. 1). In completing the form, Ahmad stated that she was "refused entry to return to work. They purposely provided fraudulent information to the department of labor in retaliation to block me from receiving unemployment benefits." (*Id.* at 2). Attached to the complaint was: (i) the DDOL's Final Determination and Right to Sue Notice; (ii) the DDOL's Notice of Rights; (iii) the verified Charge filed with the DDOL; (iv) a letter from the EEOC to Ahmad addressing her request for review of the DDOL's findings; and (v) the EEOC's Dismissal and Notice of Rights. (D.I. 1).

### III. STANDARD OF REVIEW

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6). (D.I. 3). Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). "To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Because Ahmad proceeds *pro se*, her pleading is liberally construed and her complaint, "however inartfully pleaded must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

## IV. DISCUSSION

Connections argues that Ahmad's complaint must be dismissed because: (i) it "does not present allegations relating to any purported discrimination during her employment with Connections that was the subject of her Charge;" and (ii) it instead presents allegations that "Connections fraudulently provided information to the DDOL that prevented her from returning to work or receiving unemployment benefits," which was not the subject of her Charge. (D.I. 3 ¶¶ 6-7).

Connections is correct that Ahmad has "not properly presented to the Court" her allegations that fraudulent information was given to the DDOL. (D.I. 3 ¶ 6). Before a plaintiff can seek judicial relief, she must first "exhaust all required administrative remedies." *Robinson v. Dalton*, 107 F.3d 1018, 1020 (3d Cir. 1997). A plaintiff alleging a claim under Title VII must first file a Charge of Discrimination with the EEOC within 180 days of the alleged unlawful practice, or within 300 days if first filed with a state agency. 42 U.S.C. § 2000e-5(e)(1) (2009). A plaintiff may file a Title VII claim in federal court only after filing a charge with the EEOC. *Robinson*, 107 F.3d at 1021. Ahmad has not filed a charge with the EEOC claiming that Connections gave fraudulent information to the DDOL. But that does not mean that Ahmad's complaint must be dismissed.

In reviewing a motion to dismiss, the contents of exhibits attached to a complaint are considered a part of the complaint. *Pension Benefit Guar. Corp.*, 998 F.2d at 1196; *Watson v. Dept. of Servs. for Children, Youths and Their Families Del.*, 2013 WL 1222853, at *5 (D.Del. Mar. 26, 2013) (considering an EEOC charge of discrimination attached to the complaint as part of the content of complaint and finding that the contents of that attachment helped demonstrate that plaintiff had adequately alleged Title VII race discrimination claims). Ahmad attached the

Charge to her complaint. In light of Ahmad's *pro se* status, the court finds that her claims of discrimination based on sex and religion during her employment with Connections are properly before the court. Connections has not argued that the allegations in the Charge fail to state a claim. Accordingly, Connections motion to dismiss is denied.

## V. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is denied. (D.I. 3). An appropriate order will be entered.

Dated: August 24, 2016

_____
UNITED STATES DISTRICT JUDGE